IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN GULLATT,

      Plaintiff,                    No. 2:11-cv-1229 KJN P

   vs.

J. CLARK KELSO, et al.,

      Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges defendant J. Clark Kelso, federal receiver, Prison Health Care Services, "ignored the rights of prisoners, and only slowed up the process," and was "neglectful in his duty to ensure that no prisoner faces cruel and unusual punishment." (Dkt. No. 1 at 2-3.) Plaintiff alleges Dr. Rallos "has been very unprofessional in dealing with petitioner," and denied petitioner an MRI.  (Dkt. No. 1 at 3.)  Plaintiff claims defendant McPherson "was aware, and participated in the denial of medical necessit[ies] in which petitioner was in extreme pain."  (Id.) Petitioner alleges defendant Walker "allowed a continued abuse of pain and suffering through the denial of medical and medical procedures."  (Dkt. No. 1 at 4.)

> The Civil Rights Act under which this action was filed provides as follows:
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

3

another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Therefore, plaintiff's Eighth Amendment claim against defendant Kelso is not cognizable under § 1983 unless plaintiff alleges facts demonstrating that the actions of defendant Kelso constituted "deliberate indifference to his serious medical needs." Estelle, 429 U.S. at 106. As presented in his complaint, plaintiff's allegations against defendant Kelso appear to be based solely on a theory of respondeat superior and negligence, and therefore should not be included in any amended complaint.

Plaintiff is advised that to present a viable claim for inadequate medical care under the Eighth Amendment, plaintiff must allege facts demonstrating that defendants' alleged mistreatment rose to the level of "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In this regard, the Ninth Circuit has explained that "the indifference to [a plaintiff's] medical needs must be substantial." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "Mere indifference,

1  negligence, or medical malpractice," is insufficient to demonstrate deliberate indifference to
2  serious medical needs.  Broughton, 622 F.2d at 460 (internal quotes omitted).  Mere differences
3  of opinion between a prisoner and prison medical staff as to appropriate medical care also do not
4  give rise to a § 1983 claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Thus, it is
5  insufficient that a defendant was aware, knew or should have known, of some alleged
6  constitutional violation.  Plaintiff must provide factual allegations sufficient to plausibly suggest
7  that a defendant "participated in or directed the violations, or knew of the violations and failed to
8  act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); see Ashcroft v. Iqbal,
9  129 S.Ct. 1937, 1952 (2009) ("While legal conclusions can provide the framework of a
10 complaint, they must be supported by factual allegations.")  Plaintiff refers generally to a denial
11 of medical care, and references various medical problems with his back, knee, and pain, but fails
12 to provide sufficient factual support for his medical claims against each defendant or to
13 demonstrate deliberate indifference.
14         The court finds the allegations in plaintiff's complaint so vague and conclusory
15 that it is unable to determine whether the current action is frivolous or fails to state a claim for
16 relief.  The court has determined that the complaint does not contain a short and plain statement
17 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
18 policy, a complaint must give fair notice and state the elements of the claim plainly and
19 succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must
20 allege with at least some degree of particularity overt acts which defendants engaged in that
21 support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
22 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
23 an amended complaint.
24         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
25 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.
26 Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

how each named defendant is involved. Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (original complaint is treated as non-existent after filing of amended complaint).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff has provided 55 pages of exhibits with his original complaint. Plaintiff is advised that he need not re-file his exhibits with any amended complaint.  Now that plaintiff's exhibits are on file, any party may refer to the exhibits.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

1    4.  Within thirty days from the date of this order, plaintiff shall complete the
2 attached Notice of Amendment and submit the following documents to the court:
3          a.  The completed Notice of Amendment; and
4          b.  An original and one copy of the Amended Complaint.
5 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
6 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
7 also bear the docket number assigned to this case and must be labeled "Amended Complaint."
8 Failure to file an amended complaint in accordance with this order may result in the dismissal of
9 this action.
10 DATED:  May 16, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14 gull1229.14

```
1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  JOHN GULLATT,
11          Plaintiff,                      No. 2:11-cv-1229 KJN P
12      vs.
13  J. CLARK KELSO, et al.,                 NOTICE OF AMENDMENT
14          Defendants.
15  _____/
16          Plaintiff hereby submits the following document in compliance with the court's
17  order filed _____:
18          _____        Amended Complaint
19  DATED:
20
21                                          _____
22                                          Plaintiff
```