IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN GULLATT,

    Plaintiff,                    No. 2:11-cv-1229 KJN P

    vs.

J. CLARK KELSO, et al.,

    Defendants.              ORDER

_____/

        On June 27, 2011, this action was dismissed based on plaintiff's failure to file an amended complaint as required by this court's May 17, 2011 order. On October 18, 2011, plaintiff filed a document styled, "Motion for Reconsideration Under Rule 60." (Dkt. No. 10.) In his brief motion, plaintiff states he "was unable to answer, or even receive legal[,] because plaintiff was in a crisis bed for mental health reasons." (Dkt. No. 10 at 1.) Plaintiff states he "was not voluntarily placed in a crisis bed." (Id.) Plaintiff provides a declaration from a fellow inmate who states plaintiff "was placed in a crisis bed during the time in which [plaintiff] was suppose[d] to answer." (Dkt. No. 10 at 4.)

        It appears plaintiff seeks relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides:

    (b) Grounds for Relief from a Final Judgment, Order, or

Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's motion is insufficient. Plaintiff did not provide the dates he was placed in a mental health crisis bed. Plaintiff did not explain how being placed in a crisis bed made it impossible for plaintiff to file a request for extension of time based on his mental health status. Moreover, plaintiff failed to address whether he is now capable of diligently prosecuting this action should the court find it appropriate to grant the motion. Finally, plaintiff failed to attach a proposed amended complaint. While the court is sympathetic to mental health issues, it is not inclined to reopen the case unless plaintiff can demonstrate his inability to respond to the court's prior orders, his current ability to proceed, as well as his ability to present a complaint alleging cognizable civil rights claims.

Accordingly, plaintiff's motion is denied without prejudice. Plaintiff may renew his motion, providing additional information consistent with this order, and appending a proposed amended complaint. The Clerk of the Court is directed to send plaintiff a copy of the May 17, 2011 order.

////

IT IS HEREBY ORDERED that:

1. Plaintiff's October 18, 2011 motion (dkt. no. 10) is denied without prejudice;

2. The Clerk of the Court is directed to send plaintiff a copy of the May 17, 2011 order (dkt. no. 4); and

3. Plaintiff shall submit, within thirty days from the date of this order, a renewed motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and accompanied by a proposed amended complaint that complies with the May 17, 2011 order.

DATED: October 28, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gull1229.60b